JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT PFIZER INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC, a/s/o BRENDA GADDIS; IN-BALANCE HEALTH, LLC, a/s/o BRENDA GADDIS; and TAFFURI CHIROPRACTIC a/s/o BRENDA GADDIS, | : : : : : Civil Action No. 2:12-cv-03775(SDW)(MCA) : : |
| Plaintiffs, | : : |
| v. | : **DEFENDANT PFIZER INC.'S ANSWER** |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; WYETH PHARMACEUTICALS; ABC CORP. (1-10)(said names being fictitious and unknown entities), | : **AND DEFENSES** : : : : : |
| Defendants. | : : |

Defendant Pfizer Inc. ("Defendant" or "Pfizer"), as successor-in-interest to Wyeth, Inc. ("Wyeth"), sued herein as Wyeth Pharmaceuticals, by and through its attorneys, Jackson Lewis LLP, in answer to Plaintiffs' complaint, state as follows:

## THE PARTIES

1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint.

2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the complaint.

3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint.

4.     Defendant admits that Wyeth maintained a location at 5 Giralda Farms, Madison, NJ 07940.

5.     Defendant denies the allegations set forth in paragraph 5 of the complaint.

6.     Defendant admits Wyeth sponsored a self-funded group employee welfare benefit plan for eligible participating employees and eligible participating family members.

7.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8.     The allegations set forth in paragraph 8 of the complaint are not directed towards Defendant and as such, no answer is required. To the extent a response may be required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the complaint.

9.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' receipt of an Assignment of Benefits from Brenda Gaddis. The remaining allegations set forth in paragraph 9 of the complaint state legal contentions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations set forth in this paragraph of the complaint and leaves Plaintiffs to their proofs.

## <u>SUBSTANTIVE ALLEGATIONS</u>

10.     Defendant denies the allegations set forth in paragraph 10 of the complaint to the extent they are directed towards Defendant.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

13.     The allegations set forth in paragraph 13 of the complaint are not directed towards Defendant and as such, no answer is required. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph of the complaint.

14.     The allegations set forth in paragraph 14 of the complaint are not directed towards Defendant and as such, no answer is required. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph of the complaint and avers only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

15.     The allegations set forth in paragraph 15 of the complaint are not directed towards Defendant and as such, no answer is required. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph of the complaint and avers only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

16.     The allegations set forth in paragraph 16 of the complaint are not directed towards Defendant and as such, no answer is required. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph of the complaint and avers only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

17.     Defendant denies the allegations set forth in paragraph 17 of the complaint to the extent they are directed towards Defendant and avers only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

18.     Defendant denies the allegations set forth in paragraph 18 of the complaint and avers only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

19.     Defendant denies the allegations set forth in paragraph 19 of the complaint and avers only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

20.     Defendant denies the allegations set forth in paragraph 20 of the complaint.

## **FIRST COUNT**
### **(Breach of Contract – Horizon)**

21.     Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 21 of the complaint.

22.     The allegations set forth in paragraph 22 of the complaint are not directed to Defendant and state legal contentions, and as such no answer is required. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph of the complaint.

23.     The allegations set forth in paragraph 23 of the complaint are not directed to Defendant, and as such no answer is required. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph of the complaint.

24.     The allegations set forth in paragraph 24 of the complaint are not directed to Defendant, and as such no answer is required. To the extent a response is required, this paragraph of the complaint states legal contentions, and therefore no response is required. To the extent a more detailed response is required, Defendant denies the allegations set forth in this paragraph of the complaint.

25.     The allegations set forth in paragraph 25 of the complaint are not directed to Defendant, and as such no answer is required. To the extent a response is required, this paragraph of the complaint states legal contentions, and therefore no response is required. To the extent a more detailed response is required, Defendant denies the allegations set forth in this paragraph of the complaint.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the First Count of the complaint.

<u>**SECOND COUNT**</u>
**(Breach of Contract – Wyeth)**

26.     Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 26 of the complaint.

27.     Defendant denies the allegations set forth in paragraph 27 of the complaint.

28.     Defendant denies the allegations set forth in paragraph 28 of the complaint.

29.     Defendant denies the allegations set forth in paragraph 29 of the complaint.

30.     Defendant denies the allegations set forth in paragraph 30 of the complaint.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Second Count of the complaint.

### THIRD COUNT
### (Promissory Estoppel)

31.     Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 31of the complaint.

32.     Defendant denies the allegations set forth in paragraph 32 of the complaint.

33.     Defendant denies the allegations set forth in paragraph 33 of the complaint.

34.     Defendant denies the allegations set forth in paragraph 34 of the complaint.

35.     Defendant denies the allegations set forth in paragraph 35 of the complaint.

36.     Defendant denies the allegations set forth in paragraph 36 of the complaint.

37.     Defendant denies the allegations set forth in paragraph 37 of the complaint.

38.     Defendant denies the allegations set forth in paragraph 38 of the complaint.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Third Count of the complaint.

## FOURTH COUNT
### (Negligent Misrepresentation)

39.     Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 39 of the complaint.

40.     Defendant denies the allegations set forth in paragraph 40 of the complaint.

41.     Defendant denies the allegations set forth in paragraph 41 of the complaint.

42.     Defendant denies the allegations set forth in paragraph 42 of the complaint.

43.     Defendant denies the allegations set forth in paragraph 43 of the complaint.

44.     Defendant denies the allegations set forth in paragraph 44 of the complaint.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Fourth Count of the complaint.

## FIFTH COUNT
### (Unjust Enrichment)

45.     Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 45 of the complaint.

46.     Defendant denies the allegations set forth in paragraph 46 of the complaint.

47.    Defendant denies the allegations set forth in paragraph 47 of the complaint.

48.    Defendant denies the allegations set forth in paragraph 48 of the complaint.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Fifth Count of the complaint.

## SIXTH COUNT

49.    Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 49 of the complaint.

50.    The allegations set forth in paragraph 50 of the complaint are not directed to Defendant and as such, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the complaint.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Sixth Count of the complaint.

## DEFENSES

## AS AND FOR A FIRST DEFENSE

Plaintiffs' complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to pursue this action.

## AS AND FOR A THIRD DEFENSE

Plaintiffs' claims may be barred as untimely by the applicable statute of limitations.

## AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims are expressly preempted in whole or in part by ERISA.

## AS AND FOR A FIFTH DEFENSE

Plaintiffs' demand for a jury trial is barred by ERISA.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs' demand for compensatory damages is barred by ERISA, which limits Plaintiffs to payment of benefits that were allegedly denied.

## AS AND FOR A SEVENTH DEFENSE

Plaintiffs' claims are barred by the express terms of the applicable health benefit plan.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiffs' claims seek benefits that are not eligible for coverage according to the terms of the applicable health benefit plan.

## AS AND FOR A NINTH DEFENSE

Plaintiffs have failed to exhaust their administrative remedies under the applicable health benefit plan.

## AS AND FOR A TENTH DEFENSE

Plaintiffs' claims were not asserted within the time parameters stated in the applicable health benefit plan and are thus untimely.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack any contract with Pfizer.

## AS AND FOR A TWELFTH DEFENSE

Plaintiffs' claims are barred because Pfizer did not violate any legal or contractual duty owed to Plaintiffs.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims are barred because Pfizer acted reasonably and in good faith with Plaintiff at all times.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs' claims as to Wyeth are barred as Wyeth is not a proper party to the complaint.

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs' claims are barred because Pfizer fulfilled all its obligations under the group employee welfare benefit plan and/or policy of insurance.

## AS AND FOR A SIXTEENTH DEFENSE

Plaintiffs' claims are barred by reasons of the doctrines of waiver, laches, unclean hands and/or estoppel.

## AS AND FOR A SEVENTEENTH DEFENSE

Defendant reserves the right to amend its answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendant respectfully requests that this Court:

a.      Dismiss the complaint in its entirety with prejudice;

        b.      Deny each and every demand, claim, and prayer for relief set forth in the

complaint;

        c.      Award to Defendants reimbursement for reasonable attorneys' fees and

costs incurred in defending this meritless and vexatious action; and

        d.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

By:  s/Carla D. Macaluso
       John M. Nolan
       Carla D. Macaluso
ATTORNEYS FOR DEFENDANT PFIZER INC.

Dated: January 11, 2013

## L. CIV. R. 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, I herby certify that upon information and belief, this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.  I know of no other parties who should be joined in this action at this juncture.

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

By:  s/ Carla D. Macaluso
     John M. Nolan
     Carla D. Macaluso
ATTORNEYS FOR DEFENDANT PFIZER INC.

Dated: January 11, 2013

4821-8915-0226, v. 1